The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Wake County Public Schools is self-insured for the purposes of workers' compensation coverage; Educator Benefit Services, Inc., is the servicing agent.
3. Defendant-employer stipulated to allow plaintiff's medical records to come into evidence, subject to corroboration through depositions of the plaintiff's treating physicians. As such, the medical records from Dr. Koeleveld and Wake Medical Center, marked as Stipulated Documents 1, are stipulated into evidence.
* * * * * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is 52 years of age and has worked for the Wake County Public Schools for about 26 years.
2. Plaintiff's initial job with defendant-employer was that of a dishwasher. She performed this duty for two years. Her remaining 24 years of service was in the capacity of a baker.
3. In her position as a baker, plaintiff would often begin her workday by weighing her dough and "kneading" the dough with both hands. Kneading is a process whereby plaintiff would gather up long loaf-like dough, grabbing it with both hands and squeezing and twisting the dough, breaking it up into pieces. Plaintiff would then get a rolling pin and by using both hands she would smooth each piece of dough.
4. This activity would require plaintiff to constantly use both of her hands and both wrists in a consistently twisting manner.
5. In addition to weighing dough, plaintiff also baked 250 to 300 cookies each day. This task of baking cookies was for a continuous 24-year period.
6. In early 1994 plaintiff began to have difficulties at work. Plaintiff began to experience severe pain in her hands and wrists. The more plaintiff worked, the worse the pain became in her hands, wrists and right arm. Plaintiff took Advil and Tylenol but to no avail, and the pain persisted.
7. After enduring enough pain, plaintiff consulted Dr. Gupton who sent plaintiff to Wake Medical Center for tests. Upon receiving the results from these tests, which showed plaintiff suffered from bilateral carpal tunnel syndrome, Dr. Gupton sent plaintiff to see Dr. Robin F. Koeleveld of the Raleigh Neurosurgical Clinic.
8. Dr. Koeleveld first prescribed braces for plaintiff to wear on her hands at night. However, this process showed little or no results. Therefore, surgery was recommended.
9. Plaintiff's first surgery consisted of a right carpal tunnel release which occurred on May 3, 1994. The second surgery consisted of a left carpal tunnel release which occurred on July 20, 1994.
10. The surgeries which plaintiff has endured has produced some relief but the pain is still constant and ongoing.
11. Plaintiff attempted to return to work on or about January 11, 1995, but this return to work proved unsuccessful. Plaintiff's pain in her hands and arm persisted, forcing plaintiff to fail at the job she had done for 24 years.
12. Dr. Koeleveld found, and this Commission agrees, that plaintiff's condition was caused by her employment and her employment placed her at an increased risk of developing this disease than the general public. Dr. Koeleveld stated, "I believe it is medically improbable that her condition was caused by something other than her employment." This Commission gives greater weight to the opinion of Dr. Koeleveld than that of Dr. Naso.
13. Dr. Koeleveld also gave plaintiff a rating of 7.5% permanent partial disability of both hands as a result of her bilateral carpal tunnel syndrome.
14. As the result of her occupational disease, carpal tunnel syndrome, plaintiff was unable to earn wages in her former position with defendant-employer in any other employment from May 3, 1994 and continuing through the present.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has shown that she suffers from causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. N.C.G.S. § 97-53(13).
2. Defendant shall pay plaintiff temporary total disability benefits of $232.80 per week beginning May 3, 1994 and continuing so long as plaintiff's condition remains unchanged or until further order of this Commission. Those sums which have accrued shall be paid in one lump sum. N.C.G.S. § 97-29.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this occupational disease. N.C.G.S. § 97-25.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for an occupational disease is HEREBY GRANTED.
2. Defendant shall pay plaintiff temporary total disability benefits of $232.80 per week beginning May 3, 1994 and continuing so long as plaintiff's condition remains unchanged or until further order of this Commission. Those sums which have accrued shall be paid in one lump sum.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this occupational disease.
4. An attorney fee in the amount of 25% of all compensation due plaintiff pursuant to this Opinion and Award is HEREBY APPROVED for plaintiff's counsel. Twenty-five percent of the award which has accrued shall be paid directly to plaintiff's counsel. In addition, every fourth check due plaintiff in the future shall be paid directly to plaintiff's counsel.
5. Defendants shall pay costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 11/21/96